IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LARRY STEPNEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-1816-K-BN |
| | § | |
| WELLS FARGO, N.A. | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade.

Defendant/Counter-Plaintiff Wells Fargo, N.A., as Trustee for Option Mortgage Trust 2007-FXD2 ("Wells Fargo"), has filed a motion for summary judgment. *See* Dkt. No. 14. Plaintiff/Counter-Defendant Larry Stepney has filed a response, *see* Dkt. No.19, and Wells Fargo has filed a reply, *see* Dkt. No. 20.

For the following reasons, the Court should grant the motion.

## Background

Stepney entered into a mortgage loan agreement on August 2, 2006, executing a Note payable to Heartland Lenders, LLC and a Security Instrument to secure financing to purchase residential property located at 1521 Aldridge Drive in Lancaster, Texas (the "Property"). *See* Dkt. No. 15-1 at 9-13 (Texas Home Equity Note), 15-51 (Texas Home Equity Security Instrument) (collectively, the "Loan

Agreement"). The Security Instrument was recorded in the Official Public Records of Dallas County, Texas. *See id.* at 51.

The Note was specially indorsed by Heartland Lenders, LLC to Option One Mortgage Corporation. *See id.* at 13. Option One Mortgage Corporation indorsed the Note in blank. Wells Fargo is the current holder of the blank indorsed Note. *See id.*

Heartland Lenders, LLC assigned and transferred the Loan Agreement to Option One Mortgage Corporation. *See id.* at 53 (Assignment of Deed of Trust). The assignment was recorded in the Official Public Records of Dallas County, Texas. *See id.* at 54.

Option One Mortgage Corporation's successor-in-interest, American Home Mortgage Servicing, Inc., assigned and transferred the Loan Agreement to Wells Fargo Bank, N.A. *See id.* at 56 (Assignment of Deed of Trust/Transfer of Lien). The assignment was recorded in the Official Public Records of Dallas County, Texas. *See id.* at 55.

A Corrective Assignment of Deed of Trust was recorded in which Sand Canyon Corporation f/k/a Option One Mortgage Corporation assigned the Loan Agreement to Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust 2007-FXD2, Asset-Backed Certificates, Series 2007-FXD2 ("Wells Fargo"). *See id.* at 59-60. The Corrective Assignment of Deed of Trust was recorded in the Official Public Records of Dallas County, Texas. *See id.* at 61.

Stepney has been in default on his mortgage payments since July 1, 2018. *See id.* at 63-96.

Wells Fargo, through its mortgage servicer, sent Stepney a Notice of Default and Intent to Accelerate on May 3, 2022. *See id*. at 99. Stepney did not cure the default.

Wells Fargo, through its mortgage servicer, sent Stepney Notice of Acceleration of Loan Maturity on May 3, 2022. *See id*. at 102.

Wells Fargo, through its mortgage servicer, sent Stepney Notice of Posting and Sale on June 22, 2023, advising Stepney that a default had occurred under the terms of the note, that due to the failure to cure the default the note was previously accelerated, and that a foreclosure sale of the property was scheduled for August 1, 2023. A copy of the Notice of Foreclosure Sale was attached. *See id*. at 107-08, 112.

Stepney filed the underlying lawsuit in state court on July 28, 2023, to stop the foreclosure. *See* Dkt. No. 1-1 at 6-8. Stepney asserted claims for wrongful foreclosure, determination of the fair market value of the Property, to set aside the foreclosure sale, and a declaratory judgment that the foreclosure sale was null.

Wells Fargo cancelled the foreclosure sale after the lawsuit was filed. *See id*. at 6 ¶15.

After removing the case to this Court, Wells Fargo asserted a counterclaim for non-judicial foreclosure or judicial foreclosure. *See* Dkt. No. 4 at 6-10.

Wells Fargo now seeks summary judgment dismissing all of Stepney's claims. *See* Dkt. No. 14.

Stepney abandons his claims for wrongful foreclosure and a determination of fair market value. *See* Dkt. No. 19 at 1-2. Wells Fargo argues that Stepney's

remaining declaratory judgment claims to set aside the foreclosure sale and declare it a nullity should be dismissed because there are no underlying claims to support declaratory judgment since the foreclosure sale was cancelled.

Wells Fargo also seeks summary judgment on its counterclaims. *See* Dkt. No. 14. Wells Fargo asserts claims for non-judicial foreclosure or, in the alternative, juridical foreclosure, to enforce its security interest in the Property. *See* Dkt. No. 4. Wells Fargo alleges that Stepney breached the terms of the Loan Agreement by failing to make payments on the Note on July 1, 2018 and each subsequent month; Wells Fargo sent Stepney Notice of Default and Intent to Accelerate in accordance with Texas Property Code § 51.0002(d) on May 3, 2020; Stepney failed to cure the breach; and the maturity date of the Note was accelerated on June 6, 2022, when Wells Fargo sent Stepney Notice of Acceleration of Loan Maturity, making all unpaid principal and accrued interest due and payable.

Wells Fargo seeks a declaration that the Deed of Trust on the Property secures the outstanding balance of the Note, prejudgment interest, post-judgment interest from the date of the judgment until paid, and costs of court. It also seeks a declaration that Wells Fargo's lien against the Property shall be enforced by a judgment and foreclosure under the Deed of Trust's power-of-sale provision or, alternatively, by judicial foreclosure. And it seeks actual damages, attorneys' fees and costs of court. *See id*.

Wells Fargo now moves for summary judgment on two grounds: it is entitled to foreclose because all the elements for judicial foreclosure have been met, and, as

the holder of the Note and the beneficiary of the Security Instrument, it is entitled to foreclose under the Loan Agreement.

## Legal Standards

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine

dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (cleaned up).

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." (cleaned up)).

The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if the summary judgment evidence shows that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "The evidence of the nonmovant is to be believed, and all

justifiable inferences are to be drawn in [her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (cleaned up). And "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." (cleaned up)). "[W]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (cleaned up).

Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed

for purposes of the motion; (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or (4) issue any other appropriate order." FED. R. CIV. P. 56(e).

And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (cleaned up). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott*, 550 U.S. at 380 (cleaned up). And, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

"After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005) (cleaned up). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott*, 550 U.S. at 380 (cleaned up).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it

could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (cleaned up).

If, on the other hand, "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g.*, *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will, again, "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

## Analysis

I.  The Court should dismiss Stepney's claims.

All of Stepney's claims are contingent on a foreclosure sale having occurred.

Acknowledging that the anticipated foreclosure sale did not take place, Stepney abandons his claims for determination of fair market value and wrongful foreclosure. *See* Dkt. No. 19 at 1-2.

But Stepney continues to assert his premature claims for a declaration setting aside the foreclosure sale and declaring it null. He argues that he did not receive the notice of default and opportunity to cure or a full and proper accounting of the amount he allegedly owes.

Stepney does not offer any summary judgment evidence to support these statements. But, if he did, it would be immaterial.

"A declaratory judgment is not itself a cause of action, and a claim for a declaratory judgment necessarily fails if there is no underlying cause of action." *Koncak v. Deutsche Bank Nat'l Trust Co.*, No. 3:19-cv-71-B-BT, 2020 WL 5219558, at *5 (Aug. 17, 2020); *see also Collin Cnty. v. Homeowners Ass'n for Values Essential to Neighborhoods, (HAVEN)*, 915 F.2d 167, 171 (5th Cir. 1990).

Here, there are no underlying claims because there was no foreclosure sale.

II.     The Court should grant summary judgment on Wells Fargo's counterclaims.

    A.     Wells Fargo has met all requirements for judicial foreclosure.

Texas courts require a party pursuing judicial foreclosure to demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under Article 16, § 50(a)(6) of the Texas Constitution; (3) the debtor is in default under the note and security instrument; and (4) the debtor received notices of default and acceleration. *See Ocwen Loan Servicing, LLC v. Kingman Holdings, LLC*, 3:18-CV-1197-S, 2018 WL

-10-

7150247, at *4 (N.D. Tex. Dec. 14, 2018). A lender is only entitled to judicial foreclosure if it can affirmatively demonstrate that the borrower is in default. *See Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013).

The undisputed summary judgment evidence demonstrates that Wells Fargo has met these requirements. Wells Fargo has established a debt exists under the Note and Security Instrument. Both documents demonstrate that Stepney promised to repay the lender $97,500, plus interest. *See* Dkt. No. 15-1 at 9, 15.

Further, Wells Fargo has shown that the debt is secured by a lien created under Article 16, § 50(a)(6) of the Texas Constitution. The Note creates a first lien mortgage on the Property and authorizes the lender to demand payment of the entire loan upon default. *See id*. at 9-12.

The summary judgment evidence further shows, and Stepney does not contest, that Stepney is in default. Nicholas J. Raab, Assistant Vice President for Wells Fargo's loan servicer Specialized Loan Servicing, LLC, declared "[a]s of November 1, 2023, there is an outstanding balance under the Loan Agreement of $179,801.49." *Id*. at 6 ¶16. The declaration is dated December 13, 2023, and is supported by a payment history. *See id*. at 7, 63-96.

And, on May 3, 2022, Wells Fargo sent Stepney a Notice of Default and Intent to Accelerate. *See id*. at 99. It sent the notice by certified mail to Stepney at the Property's address, Stepney's last known address. *See id.* Service of the notice was complete when the notice was deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address. *See* TEX. PROP. CODE

§ 51.002(e).

Wells Fargo accelerated the balance due on the Note by sending Stepney a Notice of Acceleration of Loan Maturity. *See id.* at 102. It sent the notice by certified mail to Stepney at the Property's address, Stepney's last known address. *See id.*

B.     Wells Fargo is a mortgagee with authority to foreclose the Property.

Wells Fargo asserts that it has the right to foreclose on the Property because it is the current holder of the indorsed-in-blank Note, beneficiary of the Security Instrument, and a mortgagee under Texas Property Code § 51.0001(4).

Under the Texas Property Code, a party has standing to initiate a nonjudicial foreclosure sale if the party is a mortgagee. *See* TEX. PROP. CODE §§ 51.002, 51.0025. A mortgagee includes the grantee, beneficiary, owner, or holder of a security instrument, such as a deed of trust, or "if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." *Id.* § 51.0001(4), (6); *Reinagel v. Deutsche Bank Nat'l Tr. Co.*, 735 F.3d 220, 223 (5th Cir. 2013).

Even if a party does not have a recorded interest in a security instrument, the party may still have standing to foreclose if the party is the holder or owner of a note secured by the instrument. This rule derives from the common law maxim, now codified in Texas, that "the mortgage follows the note." *See* TEX. BUS. & COM. CODE § 9.203(g) ("The attachment of a security interest in a right to payment or performance secured by a security interest or other lien on personal or real property is also attachment of a security interest in the security interest, mortgage, or other lien.");

*EverBank, N.A. v. Seedergy Ventures, Inc.*, 499 S.W.3d 534, 538–39 (Tex. App.—Houston [14th Dist.] 2016, no pet.); *Campbell v. Mortg. Elec. Registration Sys., Inc.,* No. 03–11–00429–CV, 2012 WL 1839357, at *4 (Tex. App.–Austin May 18, 2012, pet. denied) (mem. op.).

Wells Fargo is the holder and owner of the Note, which is endorsed in blank by Option One Mortgage Corporation, the entity that was succeeded by Wells Fargo. *See id.* at 13.

Wells Fargo is also the last entity to whom the Security Instrument was assigned of public record. As the last assignee, Wells Fargo is a mortgagee

    C.    <u>Wells Fargo is entitled to attorneys' fees.</u>

Wells Fargo asserts that it is entitled to attorneys' fees under the Note and Security Instrument and under Section 38.001(8) of the Texas Civil Practice and Remedies Code. And it requests the award of attorneys' fees be made not as a money judgment against Stepney but as a further obligation owed by Stepney under the Note. *See* Dkt. No. 4 at 9.

Under general Texas contract law, a party may recover attorneys' fees when such recovery is provided by statute or by contract. *See In re Velazquez*, 660 F.3d 893, 895-96 (5th Cir. 2011). Both the Note and the Deed of Trust provide that Wells Fargo may recover its attorneys' fees, costs, and expenses incurred in enforcing the Note. *See* Dkt. No. 40-1 at 12 ¶6(D), 21 ¶ 21.

Because Stepney breached the terms of the Note and Wells Fargo sues to enforce its security interest in the Property, it is entitled to recover attorneys' fees.

And these fees may be recovered against the Property upon any foreclosure sale.

## Recommendation

The Court should grant Defendant/Counter-Plaintiff Wells Fargo, N.A.'s motion for summary judgment [Dkt. No. 14].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. ' 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 6, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE